IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEFFREY M. YOUNG-BEY,
      Plaintiff

v.                                      CIVIL ACTION NO. JFM-10-2448

DAVID R. BLUMBERG, et al.,
      Defendants

******

## **MEMORANDUM**

Plaintiff brings this pro se action against David R. Blumberg, Chairman of the Maryland Parole Commission, Ruth Ogle, a Program Manager, M. Turner, Institutional Parole Agent, and the State of Maryland. ECF Nos. 1 & 14. He asserts jurisdiction under 42 U.S.C. § 1983. Plaintiff seeks compensatory damages as well as declaratory and injunctive relief. He states that his procedural due processes rights were violated during his parole hearing. He also alleges that use of the Uniform Sexual Offender Policy ("USOP") in considering his eligibility for parole violated the Ex Post Facto Clause of the Constitution and that his First Amendment rights were violated ECF No. 14. Now pending in this case are motions to dismiss, or in the alternative for summary judgment filed by defendants. ECF Nos. 10 & 18. Plaintiff has responded. ECF Nos. 16 and 24.[1] After review of the record, the court finds a hearing is not necessary. *See* Local Rule 105.6 (D. Md. 2011).

---

[1] Plaintiff has also filed a motion for an order for copies and motion to admit exhibit #2 to traverse. ECF Nos. 25 & 26. The motion for copy work shall be denied as moot as plaintiff was able to acquire the document sought. The motion to admit the exhibit shall be granted.

1

## 1. Factual Background

Plaintiff was sentenced to a thirty-five year term of incarceration, consecutive to his federal sentence, on September 24, 1997, in the Circuit Court for Baltimore County, Maryland, upon his conviction for attempted first-degree rape, attempted first-degree sexual offense, and false imprisonment. ECF No. 10, Ex. 1, Attachment A. Plaintiff was transferred from federal custody to Maryland custody in 2001. *Id*., Attachment B.

In January, 2007, Ogle reviewed plaintiff's parole file and determined that he should be scheduled for his first parole hearing at the one-quarter mark of his term of incarceration. *Id*. Plaintiff's parole hearing was held on July 29, 2010 before Ogle. *Id*., Attachment C. After considering all of the factors Ogle recommended rehearing the matter for parole in June, 2014. *Id*. Specifically, the hearing officer noted:

> Subject received in DOC in 2001 after serving 96 months in federal system. Current [regulations] do not permit him to be considered for work release. Subject had been drinking and using cocaine the night of the offense. Cannot offer an explanation. Completed Domestic Violence and [Alternatives to Violence Program] and social work groups. Recommendation allows opportunity to review [consider him for parole again] prior to making final decision [to refuse parole].

*Id*., Attachment C.

Commissioner Blunt adopted Ogle's recommendation on August 2, 2010. *Id*. Plaintiff was served a notice of the decision on December 7, 2010. *Id*., Attachment D. He noted exceptions on December 7, 2010.[2] ECF No. 18, Ex. 6.

## 2. Standard of Review

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that

---

[2] Plaintiff's exceptions were misfiled by the Commission. During the pendency of these proceedings they were located and processed. *Id*., Ex. 1, Attachments A & B.

> there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

### 3. Analysis

**A.     Eleventh Amendment**

Under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of another

state, unless it consents. *See Penhurst State School and Hospital v. Halderman*, 465 U. S. 89, 100 (1984). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in State courts, *see* Md. State Gov't Code Ann., § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. Thus plaintiff's complaint against the State of Maryland is barred by the Eleventh Amendment.

**B. Respondeat Superior**

The law in the Fourth Circuit is well established that the doctrine of *respondeat superior* does not apply in §1983 claims. *See Love-Lane v. Martin*, 355 F. 3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under §1983); *see also Trulock v. Freeh*, 275 F. 3d 391, 402 (4th Cir. 2001) (no respondeat superior liability in a *Bivens* suit). Liability of supervisory officials "is not be based on ordinary principles of *respondeat superior*, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F. 3d 228, 235 (4th Cir. 2001) *citing Slakan v. Porter*, 737 F. 2d 368, 372 (4th Cir. 1984). Supervisory liability under § 1983 must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F. 3d 791, 799 (4th Cir. 1994). Plaintiff has alleged no facts against Chairman Blumberg and his claim against Blumberg shall be dismissed.

## C. Due Process

Plaintiff claims he was denied due process during his parole hearing. In order to state a cognizable claim for denial of due process under the Fifth or Fourteen Amendments, plaintiff must identify denial of protected liberty interest. Due process applies when "government action deprives a person of liberty or property." *Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz.* at 7; *see also Sandin v. Conner*, 515 U.S. 472 (1995) (early release through parole does not constitute a protected liberty interest); *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) (Maryland's parole statutes and regulations do not create a legitimate expectation of parole release). In the event a liberty interest is created by statute, due process requires only a hearing and statement of reasons for denial of parole. *Greenholtz,* 442 U.S. at 7. Without a liberty interest, no process is due. *See Henderson v. Simms*, 223 F.3d 267, 274-5 (4th Cir. 2000).

Plaintiff was provided a hearing and was advised in writing of the reasons for scheduling a rehearing. He was not denied parole outright; rather, a hearing was scheduled for June, 2014. Plaintiff received all the process he was due.

## D. Ex Post Facto

Plaintiff also appears to claim that using the "Uniform Sex Offender Policy" in determining his parole eligibility violated the Ex Post Facto Clause of the Constitution. Plaintiff's Ex Post Facto claim, raised for the first time in his amended complaint is wholly conclusory and does not specify what aspect of his parole review violated the Ex Post Facto Clause. As such, defendants have not addressed whether the USOP was applied to plaintiff's case, or whether it has been adopted as a requirement for use in parole hearings as plaintiff seems to allege.

Section 7-305 of Correctional Services Article of the Annotated Code of Maryland Code provides:

> Each hearing examiner and commissioner determining whether an inmate is suitable for parole, and the Commission before entering into a predetermined parole release agreement, shall consider:
>
> (1) the circumstances surrounding the crime;
>
> (2) the physical, mental, and moral qualifications of the inmate;
>
> (3) the progress of the inmate during confinement, including the academic progress of the inmate in the mandatory education program required under § 22-102 of the Education Article;
>
> (4) a report on a drug or alcohol evaluation that has been conducted on the inmate, including any recommendations concerning the inmate's amenability for treatment and the availability of an appropriate treatment program;
>
> (5) whether there is reasonable probability that the inmate, if released on parole, will remain at liberty without violating the law;
>
> (6) whether release of the inmate on parole is compatible with the welfare of society;
>
> (7) an updated victim impact statement or recommendation prepared under § 7-801 of this title;
>
> (8) any recommendation made by the sentencing judge at the time of sentencing;
>
> (9) any information that is presented to a commissioner at a meeting with the victim; and
>
> (10) any testimony presented to the Commission by the victim or the victim's designated representative under § 7-801 of this title.

It is unclear from plaintiff's submission whether the USOP was applied to his case and/or whether it forms part of the "matrix system" used by the Maryland Parole Commission to assess

eligibility for parole.³ To the extent plaintiff claims that the use of the USOP was not in effect at the time he was sentenced and therefore it should not apply to his parole hearing, his claim fails.

The Ex Post Facto Clause of the United States Constitution prohibits retroactive increases in punishment for a crime after its commission. *See* U.S. Const. art I, § 9; *Collins v. Youngblood,* 497 U.S. 37, 43-43 (1990). It assures that "legislative Acts give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed." *Weaver v.Graham*, 450 U.S. 24, 28-9 (1981). The fact that a change in parole law has occurred, does not establish an ex post facto violation. *See California Department of Correction v. Morales*, 514 U.S. 499, 501-02 (1995). A retroactively applied parole regulation, guideline, or policy statement may violate the Ex Post Facto Clause if it creates "a significant risk" of "a longer period of incarceration than under the earlier rule." *Garner v. Jones* 529 U.S. 244, 255 (2000).⁴

Plaintiff will not be imprisoned beyond the term imposed by the sentencing court. The Maryland General Assembly has neither altered the definition of plaintiff's criminal conduct nor increased the punishment for his crimes. To the extent plaintiff claims that use of the USOP creates a "significant risk" of a longer incarceration, such a claim is nothing more than speculation. In fact, the Commission has granted plaintiff a rehearing date for July, 2014 and cited numerous reasons for denying parole in 2010, none of which relied on the USOP. Moreover, the Commission could have denied parole outright, without scheduling a rehearing date, simply based on the nature of plaintiff's

---

³ Maryland parole guidelines, known as the "matrix system" do not limit the discretion of the Parole Commission and therefore the adoption of same does not constitute a constitutional violation. *See Braxton v. Josey*, 567 F. Supp 1479, 1481 (D. Md. 1983).

⁴ In *Garner*, the Court reviewed "whether the retroactive application of a Georgia law permitting the extension of intervals between parole considerations violated the Ex Post Facto Clause." *Garner*, 529 U.S. at 246. The Court concluded because it could not determine on the record before it whether retroactive application of the law increased "to a significant degree, the likelihood or probability of prolonging respondent's incarceration," For that reason, the case was reversed and remanded. *Id.* at 256-57.

offense.

E.  **First Amendment/Retaliation Claims**

In the first motion to dismiss filed by defendants they erroneously indicated plaintiff had failed to file an exception to the denial of parole. In his first amended complaint, plaintiff points to this error as effort by defendants to both prevent his free expression and as evidence of their discriminatory conduct. ECF. No. 14. In the motion to dismiss the amended complaint, Blumberg avers that as a result of plaintiff's claim that he filed exceptions to the denial of a parole Blumberg ordered a search of files which uncovered plaintiff's exceptions. The error has been corrected and plaintiff's exceptions were to be processed. ECF No. 18, Ex. 1.

In order to state a retaliation claim based on the First Amendment, plaintiff must allege that his speech was protected by the First Amendment; that a retaliatory action on the part of the defendants adversely affected his constitutionally protected speech; and that there was a causal relationship between his speech and the defendants' retaliatory action. *See Campbell v. Cushwa*, 758 A.2d 616, 625, citing *Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 686 (4th Cir. 2000). Plaintiff has failed to allege, much less demonstrate, such action on the part of defendants. Rather, it appears that the delay in processing plaintiff's exceptions was simply a clerical error which has now been corrected. A mere conclusory averment, as provided by plaintiff in the instant case, is insufficient to withstand a dispositive motion. *See District 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp.*, 609 F. 2d 1083, 1085 (4th Cir. 1979).

## 4. Conclusion

The motions to dismiss or for summary judgment shall be granted. Plaintiff's request for relief is denied. A separate Order shall be entered reflecting the ruling set forth herein.

| August 25, 2011 | ____/s/_____ |
|---|---|
| Date | J. Frederick Motz |
| | United States District Judge |